Jerry L. Steering, SBN 122509
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Tel.:    (949) 474-1849
Fax:    (949) 474-1883
e-mail:  jerrysteering@yahoo.com

Attorney for Plaintiff Robin Winger

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN WINGER,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF GARDEN GROVE, CHARLES STARNES, MICHAEL ELHAMI, NATHAN BRADY, and DOES 1 through 10, inclusive,<br><br>    Defendants. | ) CASE NUMBER: SACV13-00267 AG (RNBx)<br>)<br>) COMPLAINT FOR DAMAGES FOR<br>) VIOLATION OF FEDERAL<br>) CONSTITUTIONAL RIGHTS UNDER<br>) COLOR OF STATE LAW<br>) (42 U.S.C. § 1983) FEDERAL<br>) CONSTITUTIONAL CLAIMS FOR<br>) ARREST WITHOUT PROABLE CAUSE,<br>) FAILURE TO PROVIDE MEDICAL<br>) CARE AND FAILURE TO TRAIN, AND<br>) CALIFORNIA STATE LAW CLAIMS<br>) FOR FALSE ARREST, VIOLATION OF<br>) CAL. CIVIL CODE § 52.1,<br>) NEGLIGENCE  AND GROSS<br>) NEGLIGENCE<br>)<br>)<br>) **[JURY TRIAL DEMANDED]**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT FOR DAMAGES

1

**COME NOW** plaintiff Robin Winger, and show this Honorable Court the following:

## JURISDICTIONAL ALLEGATIONS

1.    As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction, pursuant to 28 U.S.C. §1331.

2.    As the incidents complained of in this action occurred in the City of Garden Grove, County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. §1391(b)(2.)

3.    As plaintiff's claims under California state law arise out of a common nucleus of operative fact, and the same transactions and events as those complained of in the plaintiff's federal claims in this action, this Honorable Court has jurisdiction over plaintiff's California state law claims pursuant to 28 U.S.C. § 1367, and otherwise pursuant to it's common-law pendent claim jurisdiction; *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966.)

## GENERAL ALLEGATIONS

3.    Plaintiff Robin Winger, hereinafter referred to as "WINGER", or "plaintiff", is a natural person, who, at all times complained of in this action, resided in the City of Santa Ana, County of Orange, State of California, within the jurisdiction of this Honorable Court.

COMPLAINT FOR DAMAGES

2

4.      Defendant City of Garden Grove, hereinafter referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

5.      Defendant Charles Starnes, hereinafter referred to as "STARNES", is, and at all times complained of herein was, a sworn police officer with the Garden Grove Police Department.  At all times complained of herein, STARNES was acting as an individual person under the color of state law, pursuant to his authority as a sworn police officer, and was acting in the course of and within the scope of his employment with the defendant CITY.

6.      Defendant Michael Elhami, hereinafter referred to as "ELHAMI", is, and at all times complained of herein was, a sworn police officer, employed by the Garden Grove Police Department. At all times complained of herein, ELHAMI was acting as an individual person under the color of state law, pursuant to his authority as a sworn police officer, and was acting in the course of and within the scope of his employment with the defendant CITY.

7.      Defendant Nathan Brady, hereinafter referred to as "BRADY" is, and at all times complained of herein was a peace officer and/or fireman and/or paramedic and/or Emergency Medical Technician, employed by the Garden Grove Fire Department. At all times complained of herein, BRADY was acting as an individual person under the color

COMPLAINT FOR DAMAGES

3

of state law, pursuant to his authority as a sworn fireman / paramedic, and was acting in the course of and within the scope of his employment with the defendant CITY.

8. Defendants DOES 1 through 3, inclusive, are sworn police officers and/or supervisory police officers and/or investigators and/or Community Service Officers and/or dispatchers and/or some other peace officer and/or public officer or employee of defendant CITY, employed by the Garden Grove Police Department, who in some substantial way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action. Defendants DOES 1 through 3, inclusive, identities are, and have been, unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained.

9. At all times complained of herein, DOES 1 through 3, inclusive, were acting as individual persons under the color of state law, pursuant to their authority as sworn police officers and/or dispatchers and/or other peace officer and/or public officers, employed by the Garden Grove Police Department/ City of Garden Grove, and were acting in the course of and within the scope of their employment with defendant CITY.

10. Defendants DOES 4 through 6, inclusive, are firefighters and/or paramedics and/or peace officers and/or Emergency Medical Technicians and/or some other public officer or public employee, employed by the Garden Grove Fire Department / City of Garden Grove, who were acting under the color of state law, pursuant to their authority as

COMPLAINT FOR DAMAGES

4

firefighters and/or paramedics and/or peace officers and/or Emergency Medical

Technicians and/or some other public officer or public employee, employed by the

Garden Grove Fire Department / City of Garden Grove, and was acting in the course of

and within the scope of their employment with the defendant CITY.

11.  Defendants DOES 7 through 10, inclusive, are sworn police officers and/or

supervisors, and or firefighters and/or paramedics and/or peace officers and/or

Emergency Medical Technicians and/or some other public officer or public employee,

and/or other Supervisory personnel and/or policy making and/or final policy making

officials (i.e. Chief of Police, Assistant Chiefs, Commanders, City Managers, Fire Chief,

Battalion Chief, and other public officers employed by the Garden Grove Police

Department and/or the Garden Grove Police Department, who are in some substantial

way liable and responsible for, or otherwise proximately caused and/or substantially

contributed to the occurrences complained of by plaintiff in this action, such as via

Supervisory Liability (i.e. failure to properly supervise, improperly directing subordinate

deputies, approving actions of subordinate deputies, failing to intervene in and stop

unlawful actions of their subordinates), such as "bystander liability", and such as by

creating and/or causing the creation of and/or contributing to the creation of the policies

and/or practices and/or customs and/or usages of the Garden Grove Police Department

and/or the Garden Grove Police Department ,and whose identities are and have been

**Law Offices of Jerry L. Steering**

1   unknown to plaintiff, who will amend her complaint to add and to show the actual names

2   of said DOE defendants when ascertained.

3       12.    At all times complained of herein, DOES 7 through 10, inclusive, were

4

5   acting as individual persons under the color of state law, pursuant to their authority as the

6   Chief of Police, Assistant Chiefs, Commanders, City Managers, Fire Chief, Battalion

7

8   Chief, and other public officers employed by the Garden Grove Police Department and/or

9   the Garden Grove Police Department, Chief of Police and/or Assistant Chief and/or

10

11  Commanders and/or  Captains  and/or Lieutenants and/or Sergeants and/or other

12  Supervisory personnel and/or policy making and/or final policy making officials with the

13

14  Garden Grove Police Department, and/or some other public official(s) with defendant

15  CITY, and were acting in the course of and within the scope of their employment with

16  defendant CITY.

17

18      13.    Moreover, at all times complained of herein, defendants DOES 1 through

19  10, inclusive, were acting they way that they were because of, and were acting pursuant

20

21  to, or otherwise contributed to the creation and maintenance of, the customs, policies,

22  usages and practices of the Garden Grove Police  Department / Garden Grove Police

23

24  Department / City of Garden Grove, for, *inter alia*: 1) failing to provide medical

25  assistance to persons who are in obvious serious medical distress; 2) failing to properly

26  train police and fire department personnel to recognize symptoms of a stroke, and other

27

28  serious medical conditions, 3) failing to train such City personnel / officer / firefighters /

COMPLAINT FOR DAMAGES

6

paramedics, to distinguish a person suffering a stroke and other serious medical condition, from a person who is drunk or is under the influence of controlled substances, and 4) failing to medically examine / triage[1] those person brought into the Garden Grove Police Department Jail, and such failures were a proximate cause of the very same California state law torts and federal Constitutional violations complained by the plaintiff in this action.

14.    Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Garden Grove Police Department / Garden Grove Fire Department / City of Garden Grove, for, *inter alia*: 1) a failure to provide medical assistance 2) failure to train personnel to recognize symptoms of a stroke, 3) failure to train personnel to distinguish a person suffering a stroke or other serious medical condition, and 4) failing to medically examine / triage [2] those persons brought into the Garden Grove Police Department Jail, were a proximate cause of the very same federal constitutional violations complained by the plaintiff in this action.

15.    In addition to the above and foregoing, all of the STARNES, ELHAMI, BRADY and the DOE defendants to this action, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive plaintiff WINGER of her federal constitutional and statutory rights, and California constitutional

---

[1] By qualified medical personnel.
[2] By qualified medical personnel.

Law Offices of Jerry L. Steering

and statutory state law rights, as complained of in this action, and acted in joint and

concerted action to so deprive the plaintiff of those rights as complained of herein; all in

violation of 42 U.S.C. § 1983, and otherwise in violation of California state law, as

described below. Moreover, said conspiracy / agreement / understanding / plan / scheme

/ joint action / concerted action, above-referenced, was a proximate cause of the violation

of the plaintiff's federal and state constitutional and statutory rights, as complained of

herein.

16.    Plaintiff timely filed her tort claims against the City of Garden Grove

pursuant to the California Tort Claims Act, Cal. Gov't Code § 900 *et seq.*, and said

claims were denied by operation of law less than six months prior to the date of the filing

of this original Complaint in this action.

FIRST CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 1983
Violation of Eighth And Fourteenth Amendment Rights
Failure to Provide Medical Care
(Against Defendants STARNES, ELHAMI, BRADY and DOES 1 through 10, inclusive)

17.    Plaintiff hereby realleges and incorporates by reference the allegations set

forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

18.    On October 31, 2011, at approximately 8:00 a.m., WINGER was driving her

daughter to Garden Grove High School.

19.    Unbeknown to WINGER and her daughter, WINGER was experiencing the

onset of a stroke, which caused her to lose mental and neurological functions and

COMPLAINT FOR DAMAGES
8

diminished her ability to driver her vehicle, to recognize and understand what was going on, to speak in a reasonably responsive manner, to ambulate and keep balanced, and to even count. She felt very ill, and had just (about two weeks before the October 31, 2011 incident complained of spent 11 days in the hospital), but the hospital could tell what she was suffering  from.

20.     WINGER and her daughter, then age 15, did, however, noticed that WINGER was acting strangely, and was not able to communicate, ambulate, coordinate or otherwise speak or act properly.

21.     At or about the intersection of Euclid Street and Acacia Parkway, in the City of Garden Grove, WINGER's vehicle allegedly veered into a parked City vehicle; clipping the City vehicle's side mirror.  Because of WINGER'S medical condition at that time, she didn't know that she had clipped the mirror of  another vehicle, and was not able to drive safely.

22.     Defendant ELHAMI allegedly witnessed WINGER's vehicle clip the City owned vehicle, and pulled her over with his black and white Garden Grove Police Department patrol car, by using the patrol car's lights and siren.

25.     When ELHAMI approached WINGER'S now stopped vehicle, WINGER opened her driver's side door, before the vehicle was placed into "Park", and while ELHAMI was approaching WINGER'S truck, the vehicle moved slightly forward, until / when ELHAMI yelled-out to WINGER to stop her truck, which she did.

COMPLAINT FOR DAMAGES
9

26.    Thereafter, when ELHAMI approached and arrived at WINGER'S driver's side window, WINGER repeatedly told ELHAMI that she didn't feel good and that she had recently spent two weeks in the hospital, and that she needed to go to the hospital now.

27.    WINGER'S daughter was also telling ELHAMI that there was something medically wrong with her mother (WINGER), that her Mother was seriously ill and was having medical problems that morning, that her Mom had recently been an in-patient in the hospital, and that her Mom (WINGER) needed to be taken to the hospital now.

28.    In response to WINGER'S daughter's statement, ELHAMI told her to be quiet and not to speak.

29.    WINGER was showing obvious signs of a stroke such as: pinpoint pupils, slow and non-sensical speech, and obvious signs of confusion, along with non-responsive statements, and an inability to move or ambulate in any sort of stabile and/or coordinated manner.

30.    When ELHAMI asked WINGER what her name was, WINGER told ELHAMI that her name was "Robin". When ELHAMI thereafter asked WINGER her what her last name was, she answered "Robin." When ELHAMI then told WINGER that she just said "Robin" and asked her for her last name again, she told him "Robin, Robin."

31.    It would have been obvious to any reasonably well trained peace officer, that WINGER was not lying to ELHAMI about her name, and that she was just terribly

COMPLAINT FOR DAMAGES
10

confused and disoriented. However, when WINGER told ELHAMI that her name was "Robin, Robin", he accused WINGER of lying to him about her identity (a violation of Cal. Penal Code § 148.9.)

32.     Thereafter, WINGER's daughter began to speak with ELHAMI again, and shoe told ELHAMI that WINGER hasn't been acting normal, that WINGER was recently in the hospital, and that WINGER need to go to the hospital right now.

33.     WINGER's daughter eventually began answering questions for WINGER, as it was obvious to ELHAMI and WINGER's daughter, that WINGER was physically and mentally incapable of properly answering the questions posed to her by ELHAMI.

34.     Shortly thereafter, defendants STARNES, a Garden Grove Police Department ("GGPD") Motorcycle officer and GGPD Drug Recognition Officer ("DRE"), and BRADY, a Garden Grove Fire Department firefighter / paramedic / supervisor, and two other "DOE" Garden Grove Fire Department firefighters / paramedics / supervisors, arrived at the scene of ELHAMI'S traffic stop of WINGER, and, along with ELHAMI, all approached her truck, from both sides of the same.

35.     Proper DRE training includes training on how to distinguish a person who is suffering a serious medical condition, such as a stroke, from a person who is under the influence of alcohol or controlled substances.

36.     Thereafter, again, WINGER'S daughter told said officers / firemen / paramedics that something was terribly medically wrong with WINGER, and that she

Law Offices of Jerry L. Steering

1  was recently in the hospital for a condition that was undiagnosed, but her statements were

2  disregarded and WINGER'S daughter was ordered to leave the scene, and make her way

3  to school on her own.

4  

5  36.    Although said paramedics (BRADY and said "DOED") took WINGER'S

6  pulse, blood-pressure and respiration, and asked her some questions, WINGER was in

7  such a confused state that she could not answer their questions; at least in any manner

8  that made any sense. They also noticed that she had pinpoint pupils; a tell tale sign of

9  someone suffering a stroke.

10  37.    WINGER also told the paramedics that that she had nothing to drink and that

11  she was not on drugs, that she wanted to be taken to a hospital, and that she was suffering

12  a "problem", and when asked what the problem was that she had, all that she could say

13  was that it was a "problem."

14  38.    The paramedics then left WINGER'S truck; refusing to treat her or to take

15  her to the hospital. The paramedics claimed that WINGER signed a refusal of medical

16  treatment form, but when she did so, it was obvious to said paramedics that WINGER

17  didn't know what she was doing, and, in fact, knew that she needed medical treatment.

18  However, said defendant paramedics were told by ELHAMI and STARNES that

19  WINGER was under the influence of a controlled substance, so said paramedics ignored

20  the obvious signs of someone suffering a stroke. One of the defendant paramedics is

21  heard on a GGPD patrol video system audio recording (of a video recording) mocking

COMPLAINT FOR DAMAGES
12

Law Offices of Jerry L. Steering

WINGER, when he said to the GGPD officers: *"You no (or "won't) treat me? I ain't gonna help you. For what? Do you know how to drive?"*

39.    STARNES, a GGPD drug recognition expert, conducted several field sobriety tests on WINGER. WINGER informed STARNES and ELHAMI and the other DOE defendants on the scene, that she had nothing to drink and that she was not on drugs.

40.    In STARNES' report, he describes obvious symptoms of a stroke but determined that she's under the influence of alcohol and / or drugs. STARNES wrote in his report:

> *"I could see that her eyes were constricted, and she had an unstableness to her while she was standing up. Myself and / or Officer ELHAMI had to hold onto her multiple times as she was trying to stand up with her feet together and her arms down by her side. Based on her eyes being constricted, her speech slow and slurred and showing signs of poor hand/eye coordination and unsteady at her feet, I demonstrated a field sobriety test to her and asked if she understood each test prior to her starting the test, at which time she said, "Yes." Party No. 1 was unable to perform any of the field sobriety tests as I demonstrated. I formed the opinion that Party No. 1 was under the influence of alcohol and/or drugs based upon Witness No. 1, Officer ELHAMI, placing Party No. 1 as the driver of Vehicle No. 1, Party No. 1's objective signs of intoxication and Party No. 1's poor performance on the field sobriety test."*

41.    Nowhere in STARNE's analysis does he mention the statements made by WINGER and WINGER's daughter that she was not feeling well, that she claimed to be suffering from, and that she was recently hospitalized.

COMPLAINT FOR DAMAGES
13

**Law Offices of Jerry L. Steering**

42. Defendant Brady obtained a waiver of emergency medical services from WINGER, who lacked the capacity at the time to consent to said waiver, as she didn't understand what she was signing, and, in fact, had asked for medical help and to go to the hospital.

43. Said waiver was obtained despite the fact that defendants knew, or had reason to know, that WINGER was in need of immediate medical care.

44. STARNES and ELHAMI and DOES 1 through 3, inclusive, arrested WINGER at approximately 8:43 a.m. for allegedly violating Cal. Veh. Code § 23152(a).

45. WINGER was transported to the Garden Grove City Jail, where she was booked for DUI (Cal. Veh. Code § 23152(a)), and remained a prisoner in the City Jail and under the custody and observation of the City Jail agents and employees until approximately 1:00 p.m.

46. WINGER was never treated or even seen by any health professional, or even medically triaged, while at the City Jail.

47. After WINGER was released from the City Jail, plaintiff's "common law" husband and the cohabitant father of WINGER'S daughter, Fred Paul, immediately took her to the University of California, Irvine, Medical Center where she was diagnosed with, and treated for, a severe stroke; a stroke that she was suffering at the time of the traffic stop on her on October 31, 2011; above-referenced.

COMPLAINT FOR DAMAGES
14

48.     The actions of said defendants STARNES, ELHAMI, BRADY, and DOES 1 through 10, inclusive, as complained of herein, constituted a violation of plaintiff's rights under the Eighth and Fourteenth Amendment to the United States Constitution to received medical care while one's liberty is being restrained by the police, such as being in police custody of said defendant GGPD police officers (ELHAMI, STARNES and DOES 1 through 3, inclusive.)

49.     As described above, WINGER faced an obvious serious medical need when she was having a stroke, while she was being seized (detained and/or arrested) with STARNES, ELHAMI, BRADY and DOES 1 through 10, and while she imprisoned at the Garden Grove City Jail.

50.     Defendants STARNES, ELHAMI, BRADY and DOES 1 through 10, knew, or reasonably should have known, that WINGER was suffering a serious medical emergency, and disregarded it by failing to take reasonable measures to address it; acting with A deliberate indifference to her serious medical condition and needs, that was assuredly likely to result in great physical harm to WINGER. Because of said defendants failure to obtain medical treatment for WINGER, the damage caused by the stroke to WINGER was much more severe than it would have been if said defendants had obtained medical treatment for WINGER, who is now in a child-like mental state, after suffering said additional brain damage.

COMPLAINT FOR DAMAGES
15

51.   As a direct and proximate result of the actions of defendants, and each of them, as complained of herein, plaintiff WINGER: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages (and will incur much more medical and associated costs and expenses in the future; in an amount to be proven at trial; is in excess of $5,000,000.00.

52.   The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of WINGER's constitutional rights, sufficient for an award of punitive / exemplary damages against defendants STARNES, ELHAMI, BARDY, and DOES 1 through 10, inclusive, in an amount to be proven at trial which is in excess of $5,000,000.00.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
Violation of Eighth And Fourteenth Amendment Rights
Failure to Adequately Train Police Officers And Paramedics
(Against Defendant CITY and DOES 7 through 10, inclusive)

53.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52, inclusive, above, as if set forth in full herein.

54.   As complained of herein above, the acts of defendants STARNES, ELHAMI, BARDY, and DOES 1 through 10, deprived WINGER of her rights under the Eighth and Fourteenth Amendment to the United States Constitution , to be provided

COMPLAINT FOR DAMAGES
16

Law Offices of Jerry L. Steering

**Law Offices of Jerry L. Steering**

medical care for her serious medical needs, without deliberate indifference to those needs.

55.    The training policies of CITY were not adequate to train its police officers, and firefighter / paramedic employees to recognize the symptoms of a stroke, and to distinguish a person suffering a stroke (and other serious medical condition), from a person who is under the influence of alcohol or a controlled substance; a situation that was and is likely to occur and did occur with frequency before the October 31, 2011 incident complained of in this action.

56.    CITY and DOES 7 through 10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its police officers and firemen / paramedic employees adequately to distinguish a person suffering a stroke (and other serious medical condition), from a person who is under the influence of alcohol or a controlled substance; said obvious consequences being the failure to provide medical care for persons who are suffering strokes and other serious medical conditions, when required to do so; such as when a person is in police custody, including detentions, arrests and other restraints on one's freedom to leave the presence of GGPP police officers.

57.    The failure of CITY and DOES 7 through 10, inclusive,  to provide such adequate training caused the deprivation of WINGER's Constitutional rights and resulting damages to WINGER, by STARNES, ELHAMI, BARDY, and DOES 1 through 10.

COMPLAINT FOR DAMAGES
17

58.    CITY's and DOES 7 through 10, inclusive's, failure to train is so closely related to the deprivation of WINGER's rights as to be the moving force that ultimately caused WINGER's injuries.

59.    As a direct and proximate result of the actions of defendants, and each of them, as complained of herein, plaintiff WINGER: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages (and will incur future special damages; all in an amount to be proven at trial; is in excess of $5,000,000.00.

60.    The actions of defendants DOES 7 through 10, inclusive, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of WINGER's constitutional rights; sufficient for an award of punitive / exemplary damages against defendants DOES 7 through, inclusive, in an amount to be proven at trial which is in excess of $5,000,000.00.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
Violation of Fourth Amendment Rights
Arrest Without Probable Cause Or Warrant
(Against all Defendants ELHAMI and STARNES and DOES 1 through 3, inclusive)

61.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 60, inclusive, above, as if set forth in full herein.

62.    As complained of herein above, STARNES, ELHAMI and DOES 1 through

COMPLAINT FOR DAMAGES
18

Law Offices of Jerry L. Steering

3, inclusive, arrested WINGER, without either a warrant or probable cause to believe that she committed a crime; a violation of WINGER'S rights under the fourth amendment to the United States Constitution.

63.    But for WINGER'S arrest, she would have been taken to a hospital, and the damage to her brain from the stroke that she was suffering at the time of her arrest, was great aggravated by her being kept in jail, without proper medical attention and treatment.

64.    As a direct and proximate result of the actions of defendants, and each of them, as complained of herein, plaintiff WINGER: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages (and will incur future special damages; all in an amount to be proven at trial;  is in excess of $5,000,000.00.

65.    The actions of defendants DOES 7 through 10, inclusive, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of WINGER's constitutional rights; sufficient for an award of punitive / exemplary damages against defendants ELHAMI, STARNES and DOES 1 through 3, inclusive, in an amount to be proven at trial which is in excess of $5,000,000.00.

### FOURTH CAUSE OF ACTION
Violation of Cal. Civil Code § 52.1
Under California State Law
(Against Defendants ELHAMI, STARNES and DOES 1 through 3, inclusive)

66.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 65, inclusive, above, as if set forth in full herein.

COMPLAINT FOR DAMAGES
19

67.     The actions of defendants STARNES, ELHAMI, BRADY and DOES 1 through 10, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by Plaintiff of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1; specifically, the unlawful arrest of WINGER, above-referenced.

68.     Defendants STARNES, ELHAMI, BRADY and DOES 1 through 10, inclusive, are liable to WINGER for said violations of her constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

69.     As a direct and proximate result of the actions of defendants STARNES, ELHAMI and DOES 1 through 3, inclusive, WINGER: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses (and will continue to do so) and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00; including treble damages.

70.     The actions of defendants STARNES, ELHAMI and DOES 1 through 3, inclusive, were committed maliciously and oppressively; sufficient for an award of

COMPLAINT FOR DAMAGES
20

punitive / exemplary damages against all defendants, save for defendant CITY, in an amount to be proven at trial which is in excess of $5,000,000.00.

71.    In addition, because the actions of defendants STARNES, ELHAMI and DOES 1 through 3, inclusive, as complained of herein, constituted a violation of California Civil Code § 52.1, plaintiff is entitled to an award of treble compensatory damages against all defendants, and punitive damages, and each of them.

<u>FIFTH CAUSE OF ACTION</u>
Negligence
Under California State Law
(Against all Defendants CITY and DOES 7 through 10, inclusive)

72.    Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 71, inclusive, above, as if set forth in full herein.

73.    Defendant CITY knew, and/or with the exercise of reasonable diligence should have known, that their GGPD police officers and GGFD firefighters / paramedics, including  STARNES, ELHAMI, BRADY and DOES 1 through 10, inclusive, where not properly trained to recognize the symptoms of a stroke, and to differentiate between how a person acts and appears when they are suffering a stroke, and when they are mentally and/or physically impaired from alcohol and/or controlled substances. Because of said lack of adequate training, STARNES, ELHAMI, BRADY and DOES 1 through 7, inclusive inclusive, were inclined to disregard, and did disregard such symptoms of a stroke that WINGER was suffering, and failed to provide proper medical care for WINGER.

COMPLAINT FOR DAMAGES
21

**Law Offices of Jerry L. Steering**

74.    Moreover, defendants CITY and DOES 1 through 3, inclusive, owed plaintiff, as a member of the public, a duty to properly train their police officers and paramedics / firefighters, to recognize the symptoms of a stroke, and to differentiate between how a person acts and appears when they are suffering a stroke, and when they are mentally and/or physically impaired from alcohol and/or controlled substances.

75.    Moreover, defendants CITY and DOES 1 through 3, inclusive, breached their duty of care that they owed to WINGER and to others similarly situated, by failing to properly train their police officers and paramedics / firefighters, to recognize the symptoms of a stroke, and to differentiate between how a person acts and appears when they are suffering a stroke, and when they are mentally and/or physically impaired from alcohol and/or controlled substances.

76.    As a direct and proximate result of the actions of defendants CITY and DOES 7 through 10, inclusive, WINGER: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses (and will continue to do so) and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $5,000,000.00.

SIXTH CAUSE OF ACTION
False Arrest
Under California State Law
(Against all Defendants ELHAMI and STARNES and DOES 1 through 3, inclusive)

COMPLAINT FOR DAMAGES
22

77.     Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 76, inclusive, above, as if set forth in full herein.

78.     As complained of herein above, STARNES, ELHAMI and DOES 1 through 3, inclusive, arrested WINGER, without either a warrant or probable cause to believe that she committed a crime; a violation of WINGER'S right to be free from a false arrest of her person under California law (Cal. Gov't Code 820.8.)

79.     But for WINGER'S false arrest, she would have been taken to a hospital, and the damage to her brain from the stroke that she was suffering at the time of her arrest, was great aggravated by her being kept in jail, without proper medical attention and treatment.

80.     As a direct and proximate result of the actions of defendants, and each of them, as complained of herein, plaintiff WINGER: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages (and will incur future special damages); all in an amount to be proven at trial;  is in excess of $5,000,000.00.

81.     The actions of defendants DOES 7 through 10, inclusive, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of WINGER's constitutional rights; sufficient for an award of punitive / exemplary damages against defendants ELHAMI, STARNES and DOES 1 through 3, inclusive, in an amount to be proven at trial which is in excess of $5,000,000.00.

COMPLAINT FOR DAMAGES
23

Law Offices of Jerry L. Steering

## SEVENTH CAUSE OF ACTION
Negligence / Gross Negligence
Under California State Law
(Against all Defendants CITY, ELHAMI, STARNES, BRADY and DOES 1 through 6, inclusive)

82.    Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 81, inclusive, above, as if set forth in full herein.

83.    As complained of herein above, defendants STARNES, ELHAMI, BRADY and DOES 1 through 6, inclusive, owed a duty of care to WINGER to use reasonable care in determining if she needed medical care for a serious medical condition, as she was in "police custody" as she was not free to leave the presence of defendants STARNES, ELHAMI, and DOES 1 through 6, inclusive.

84.    A reasonably competent peace officer and paramedic would have known that WINGER was in acute medical distress, and needed immediately medical attention.

85.    Because defendants STARNES, ELHAMI, BRADY and DOES 1 through 6, inclusive, didn't smell any alcohol emanating from WINGER'S breath during the October 31, 2011 incident complained of in this action, they automatically assumed that she was under the influence of a controlled substance, without considering whether WINGER was medically impaired, and was suffering an acute and serious medical problem.

86.    Moreover, said defendants automatically assumed that she was under the influence of a controlled substance, notwithstanding WINGER and her daughter telling

COMPLAINT FOR DAMAGES
24

Law Offices of Jerry L. Steering

said defendants: 1) that WINGER didn't feel good, 2) that WINGER wanted to go to the hospital, 3) that WINGER had been hospitalized for two weeks, two weeks prior to the incident complained of, 4) that WINGER seemed disoriented, confused and not able to properly respond to their questioning, 5) that WINGER couldn't perform, or even understand any of the field sobriety tests that said defendants attempted to give her, 6) that WINGER couldn't walk or stand-up without help, and 7) that WINGER said that she felt weak.

87.   Moreover, apparently BRADY and DOES 4 through 6, inclusive, were perturbed by WINGER'S responses to their questioning of her, and notwithstanding her repeated pleas for medical attention and help, decided not to help her at all.

88.   Said actions by said defendants constitute gross negligence and bad-faith conduct by them.

89.   As a direct and proximate result of the actions of defendants, and each of them, as complained of herein, plaintiff WINGER: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages (and will incur future special damages); all in an amount to be proven at trial;  is in excess of $5,000,000.00.

COMPLAINT FOR DAMAGES
25

**WHEREFORE**, plaintiff prays for judgment against defendants, and each of them, as follows:

1. That plaintiff be awarded a judgment against all defendants for compensatory damages, in an amount in to be proven at trial which is in excess of $5,000,000.00, plus treble damages;

2. That plaintiff be awarded a judgment against all defendants, save CITY, for punitive / exemplary damages in an amount in to be proven at trial which is in excess of $5,000,000.00;

3. That plaintiff be awarded reasonable attorney's fees and costs of suit herein;

4. That plaintiff be given a trial by jury; and

5. That this Honorable Court award any other and/or additional relief as it deems just and equitable.

LAW OFFICES OF JERRY L. STEERING

_____

Jerry L. Steering

COMPLAINT FOR DAMAGES
26

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| ROBIN WINGER, | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No.   SACV13-00267 AG (RNBx) |
| CITY OF GARDEN GROVE, CHARLES STARNES, MICHAEL ELHAMI, NATHAN BRADY, and DOES 1 through 10, inclusive | ) | |
| | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: ___2-14-13___

_Lori Wagers_

_Signature of Clerk or Deputy Clerk_

**LORI WAGERS**

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00   .


I declare under penalty of perjury that this information is true.


Date: _____                   _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*


                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> ROBIN WINGER | DEFENDANTS <br> CITY OF GARDEN GROVE, CHARLES STARNES, MICHAEL ELHAMI, NATHAN BRADY, and DOES 1 through 10, inclusive, |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Law Office of Jerry L. Steering; Tel: (949) 474-1849 <br> 4063 Birch Street, Suite 100 <br> Newport Beach, CA 92660 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ 20,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. Section 1983)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 240 Torts to Land | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | ☐ 465 Other Immigration Actions | | |
| | ☐ 290 All Other Real Property | | | | |

(Note: In the original, ☑ 440 Other Civil Rights is checked under CIVIL RIGHTS.)

**FOR OFFICE USE ONLY:**   Case Number: **SACV13-00267 AG (RNBx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☑   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTY OF ORANGE | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTY OF ORANGE | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| COUNTY OF ORANGE | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____          Date   February 13, 2013

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |